Lloyd Ambinder, Esq.
Jack Newhouse, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY– NEWARK DIVISION

| | |
|---|---|
| RUBEN TAVERAS, individually and on behalf of all other persons similarly situated who were employed by MCVAC ENVIRONMENTAL SERVICES, INC., and/or any other entities affiliated with, controlling, or controlled by MCVAC ENVIRONMENTAL SERVICES, INC.,<br><br>Plaintiffs,<br><br>- against -<br><br>MCVAC ENVIRONMENTAL SERVICES, INC. and JOHN DOE BONDING COMPANY,<br><br>Defendants. | CIVIL ACTION<br>FILE NO: 17-cv-6817<br><br>**CLASS ACTION**<br>**COMPLAINT** |

Named Plaintiff Ruben Taveras ("Named Plaintiff"), by his attorneys, Virginia & Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought on behalf of Named Plaintiff and a putative class of individuals who performed utility work, such as clean-up, waste removal, restoration, and remediation, and similar tasks, for MCVAC ENVIRONMENTAL SERVICES, INC., and/or any other entities affiliated with, controlling, or controlled by MCVAC ENVIRONMENTAL SERVICES, INC. ("McVac"), to recover wages and benefits which Named Plaintiff and the members of the putative class were contractually entitled to receive for work they performed on utility projects, including, but not limited to, Consolidated Edison of New York, Inc. ("Con

Edison") projects in New York ("Con Edison Projects"), Keyspan Corporate Services LLC, d/b/a National Grid ("National Grid") projects in New York ("National Grid Projects"), and PSEG Long Island, LLC projects in New York ("PSEG Long Island Projects") (collectively referred to as the "Utility Projects").

## JURISDICTION

2. This Court has original jurisdiction over this action pursuant to the diversity jurisdiction, 28 U.S.C. § 1332. The parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

## VENUE

3. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1), as Defendant McVac resides within the District of New Jersey, Newark.

## PARTIES

4. Named Plaintiff resides in the state of New Jersey.

5. Defendant McVac Environmental Services, Inc. is incorporated in the state of Connecticut with its principal place of business located at 481 Grand Ave., New Haven, Connecticut, 06513. McVac also maintains an office at 51 Route 35, Laurence Harbor, NJ 08879 in Middlesex County.

## CLASS ALLEGATIONS

6. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. This action is brought on behalf of the Named Plaintiff and a class consisting of every other person who performed utility work, such as clean-up, waste removal, restoration, and

remediation, and similar tasks for McVac on the sites of the Utility Projects since September 5, 2011.

8. Named Plaintiff and members of the putative class are all victims of the McVac's common policy and/or plan to not pay prevailing wages and supplemental benefits for work performed by Named Plaintiff and members of the putative class on the Utility Projects.

9. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 individuals. In addition, the names of all potential members of the putative class are not known.

10. Questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether McVac entered into a contract that required the payment of prevailing wages and supplemental benefits to Named Plaintiff and members of the putative class; and (2) whether McVac paid the Named Plaintiff and members of the putative class at the proper prevailing wage and benefit rate.

11. The claims of the Named Plaintiff are typical of the claims of the putative class members. The Named Plaintiff, like all members of the putative class, worked on the Utility Projects and was subject to Defendant's policies and willful practice of refusing to pay employees prevailing wages and supplemental benefits. The Named Plaintiff and putative class members have thus sustained similar injuries as a result of the Defendant's actions

12. Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation, and in particular litigation relating to unpaid prevailing wages and

supplemental benefits.

13. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FACTS

14. Upon information and believe, since at least September 5, 2011, McVac has been a party to various contracts with Con Edison, National Grid, and PSEG Long Island to perform clean-up, waste removal, restoration, and remediation work at the sites of the Utility Projects (the "Utility Contracts").

15. Upon information and belief, the Utility Contracts that govern the Utility Projects each contain a provision that requires McVac to pay workers employed on the Utility Projects at the hourly rate of prevailing wages and supplemental benefits.

16. Upon information and belief, a schedule of the prevailing rates of wages and supplemental benefits were annexed to, or incorporated by reference, in each of the Utility Contracts governing Utility Projects.

17. This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the Utility Contracts was made for the benefit of all workers furnishing labor on the Utility Projects and, as such, the workers furnishing labor on the sites of the Utility Projects are the beneficiaries of that promise.

18. Upon information and belief, Defendant John Doe Bonding Company furnished

Labor and Material Payment Bonds the terms of which insured that the Bonding Company would pay unpaid prevailing wages and supplemental benefits to Named Plaintiff and the putative class members in the event McVac failed to pay these wages.

19. Upon information and belief, under the Utility Contracts, the prevailing wage and supplemental benefit rate for non-overtime or premium hours worked was in excess of $50 to $80 per hour depending on the type of work performed, the location of the work performed, and the year it was performed.

20. Named Plaintiff Taveras and members of the putative class performed various types of utility-related work, including pumping out water, clean-up, waste removal, restoration, and remediation at the sites of the Utility Projects for McVac.

21. Named Plaintiff Taveras was employed by McVac from approximately November 2015 to April 2016.

22. During his employment, Taveras would regularly work 10 to 12 hours per day on Utility Projects, such as, Con Edison Projects in New York.

23. On these Utility Projects, Plaintiff Taveras' rate was approximately $16 per hour, far below the applicable prevailing wage and supplemental benefit rate required to be paid under the Utility Contracts.

24. Named Plaintiff was not paid overtime when he worked over 8 hours in a day or premium time on weekends or holidays, as required by the Utility Contracts.

25. Like Named Plaintiff, the putative class members also were not paid at the proper prevailing wage and supplemental benefit rate while working on the Utility Projects.

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANT MCVAC --
## BREACH OF THE UTILITY CONTRACTS

26. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

27. Upon information and belief, the Utility Contracts entered into by Defendant McVac, contained a requirement to pay Named Plaintiff and the putative class at the prevailing rates of wages and supplemental benefits for the work they performed.

28. Those prevailing rates of wages and supplemental benefits were made a part of the Utility Contracts for the benefit of Named Plaintiff and the other members of the putative class.

29. Defendant McVac breached the Utility Contracts by willfully failing to pay and ensure payment to Named Plaintiff and the other members of the putative class the prevailing rates of wages and supplemental benefits at the proper trade classification rates for all labor performed upon the Utility Projects.

30. By reason of its breach of each Utility Contract, Defendant McVac is liable to Named Plaintiff and the other members of the putative class in the amount to be determined at the trial, plus interest, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
## AGAINST JOHN DOE BONDING COMPANY— SURETYSHIP

31. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

32. By issuing the Labor and Material Payment Bonds to McVac in connection with each Utility Contract, Defendant John Doe Bonding Company assumed joint and several liability

with McVac to pay Named Plaintiff and the other members of the putative class any and all wages and supplements due and owing to them which McVac failed to pay.

33. McVac has failed to pay Named Plaintiff and the other members of the putative class the prevailing wages and supplemental benefits for type of trade work they performed on the Utility Projects in an aggregate sum to be determined at trial, plus interest, fees and costs.

34. Pursuant to the terms of the Bonds, Defendant John Doe Bonding Company is required to make payment to Named Plaintiff and the other members of the putative class in an amount to be determined at trial, plus interest, costs and attorneys' fees.

**WHEREFORE**, Named Plaintiff and the members of the putative class demand judgment:

(1) on their first cause of action against Defendant McVac in an amount to be determined at trail, plus interest, costs and attorneys' fees;

(2) on their third cause of action against Defendant John Doe Bonding Company in an amount to be determined at trial, plus interest, fees, and costs, and in an amount apportioned to each Labor and Material Payment Bond as per the terms of the applicable bonds; and

(3) such other and further relief as to the Court may deem just and proper.

Dated: New York, New York
September 6, 2017

VIRGINIA & AMBINDER, LLP

/s/LLOYD AMBINDER
Lloyd Ambinder, Esq.
Jack Newhouse, Esq.
Attorneys for Plaintiffs and the Putative Class
40 Broad Street  --  7th Floor

7

New York, N.Y. 10004
Lambinder@vandallp.com
Jnewhouse@vandallp.com
(212) 943-9080